IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO GARCIA,<br><br>                *Plaintiff,*<br><br>    v.<br><br>PERFECTION COLLECTION, LLC, and MOUNTAIN RUN SOLUTIONS, LLC,<br><br>                *Defendants.* | CIVIL ACTION<br>NO. 20-4255 |

**PAPPERT, J.**                                                                               October 26, 2022

## **MEMORANDUM**

Plaintiff Pedro Garcia sued Perfection Collection, LLC, and Mountain Run Solutions, LLC, alleging violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act.[1]  Neither Perfection Collection nor Mountain Run Solutions appeared or otherwise defended the suit.  The Clerk of Court entered a default under Rule 55(a) and Garcia moved for default judgment against both Defendants under Rule 55(b).  (ECF 33 and 34).  The Court now grants his Motions.[2]

I

Garcia alleges that Perfection Collection and Mountain Run furnished inaccurate information about him to two credit reporting agencies:  Trans Union, LLC, and Experian Information Solutions, Inc.  (Compl. ¶ 9, ECF 1.)  Specifically, they

---

[1] Garcia also sued, and subsequently settled with, Tran Union, LLC, and Experian Information Solutions, Inc.  (ECF 26 and 28.)

[2] Garcia's Complaint lists both Perfection Collection and Mountain Run as having the same address: 313 East 1200 South, Suite 102, Orem, Utah 84058.  (Compl. ¶ 8.)  Because the Court believes Mountain Run to be the successor to Perfection Collection, one award of damages and attorneys' fees will be entered against both Defendants.  However, because the Court must take the factual allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), the Court recounts the facts as alleged in the Complaint, discussing violations of the FCRA and FDCPA attributed to each Defendant.

1

reported data regarding a credit line that Garcia neither opened nor authorized anyone else to open under his name. (*Id.* ¶ 9.) In June of 2019, Garcia told Trans Union and Experian the information was inaccurate, and he asserts that they notified Perfection Collection and Mountain Run about the dispute. (*Id.* ¶ 15–18.) Garcia renewed his complaint the following year. (*Id.* ¶ 20–23.) Despite his efforts, the Defendants never investigated the issue, and Trans Union and Experian continued to publish erroneous information about the credit line on his account. (*Id.* ¶ 15–18.) Consequently, Garcia's credit rating suffered, his existing credit limit was reduced, and he was denied mortgages by several banks. (*Id.* ¶¶ 33, 36). Garcia also claims that Perfection Collection called him several times, attempting to collect on the debt. (*Id.* ¶ 11). In one of these calls, Perfection Collection told Garcia that he would be responsible for the debt unless he personally found the person who opened the fraudulent account. (*Id.* ¶ 13.) Garcia then sued Perfection Collection and Mountain Run, serving them with process on September 3, 2020. (Proof of Service, ECF 2 and 3).³

II

Before the Court can enter a default judgment, it has "an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citations and internal quotation marks omitted). When the Court considers personal jurisdiction in the posture of a default judgment, "the plaintiffs retain the burden of proving personal jurisdiction,

---

³ "While a Return of Service form 'is not conclusive on the question of service on an agent, it will stand in the absence of proof to the contrary.'" *Duc Long v. MTD Prod. Inc.*, No. 16-4272, 2016 WL 9774503, at *2 (E.D. Pa. Dec. 29, 2016) (quoting *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971) and collecting cases); *see also Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) ("A return of service generally serves as prima facie evidence that service was validly performed").

[but] they can satisfy that burden with a *prima facie* showing" and "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Id.* (quoting *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)). A plaintiff satisfies this *prima facie* standard by presenting facts that, if true, would permit the Court to exercise personal jurisdiction over the defendant. *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418–19 (E.D. Pa. 2005).

There are two types of personal jurisdiction: general and specific. To establish specific jurisdiction, the plaintiff must satisfy a three-prong test: the defendant must have "purposefully directed [his] activities" at the forum; the litigation must "arise out of or relate to" at least one of those activities; and exercising jurisdiction must "comport[] with 'fair play and substantial justice.'" *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citations and internal quotation marks omitted); *see also O'Connor*, 496 F.3d at 317. "[C]ommunications sent by a defendant into the forum either by mail or telephone can also count toward the minimum contacts required to establish personal jurisdiction." *Leone v. Cataldo*, 574 F. Supp. 2d 471, 479 (E.D. Pa. 2008) (citing *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993)). Moreover, a "single contact may be sufficient to subject a party to personal jurisdiction, particularly if the 'contacts evaluated are those that give rise to the litigation.'" *Waimberg v. Med. Transp. of Am., Inc.*, 52 F. Supp. 2d 511, 515 (E.D. Pa. 1999) (citations omitted).

Garcia's FCRA claims are predicated in part on Perfection Collection and Mountain Run's furnishing of inaccurate credit information to Trans Union, a Pennsylvania corporation. (Compl. ¶¶ 5, 9, ECF 1.) Garcia's injuries and cause of

action flow from the Defendants' failure to investigate and correct the inaccurate information they provided to Trans Union. (*Id.* ¶¶ 25–26, 33–37.) Thus, a substantial portion of Garcia's claim arises out of the Defendants' purposeful contacts with Pennsylvania. This is enough to give the Court jurisdiction over the Defendants. *See Rogers v. Smith Volkswagen, LTD*, No. 19-2567, 2020 WL 1676400, at *5 (E.D. Pa. Apr. 6, 2020) (exercising personal jurisdiction over out-of-state Defendant who accessed Trans Union credit reports in violation of the FRCA).

A Court with personal jurisdiction over one claim against a Defendant may exercise personal jurisdiction over other claims that share the common nucleus of operative fact. *See Vanguard Leasing, Inc. v. Fleetwood Indus.*, No. 08-01407, 2009 WL 10737271, at *5 n.4 (E.D. Pa. Feb. 26, 2009). Because Garcia's FDCPA claim also involves the fraudulent credit line the Defendants reported to Trans Union, the Court may also exercise jurisdiction to resolve that claim.

### III

Following the entry of a default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal quotation marks omitted). The Court need not, however, accept the moving party's legal conclusions or allegations regarding the amount of damages. *Id.*; *see also DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* §2688 (3d ed. 1998)). Consequently, before granting a default judgment the Court must first ascertain whether "the unchallenged facts constitute a legitimate

cause of action, since a party in default does not admit mere conclusions of law." *Asher*, 2006 WL 680533, at *1.

Garcia contends Perfection and Mountain Run "willfully and negligently" failed to comply with the duties imposed on furnishers by 15 U.S.C. § 1681s-2(b). (Compl. ¶ 44.) These duties are only triggered, however, after a credit reporting agency notifies the furnisher of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (quoting 15 U.S.C. § 1681s-2(b)(1)). To be liable under Section 1681s-2(b), the furnisher must have (1) been notified of a dispute by a credit reporting agency and (2) "fail[ed] to undertake a reasonable investigation following such notice." *Cicala v. Trans Union, LLC*, No. 15-6790, 2016 WL 2622377, at *3 (E.D. Pa. May 9, 2016) (quoting *SimmsParriss*, 652 F.3d at 359). Garcia claims he twice notified Trans Union and Experian that the information provided by Perfection Collection and Mountain Run was inaccurate, that they conveyed this information to Perfection Collection and Mountain Run, and that Mountain Run and Perfection Collection did nothing to investigate the dispute. (Compl. ¶¶ 15–25). Garcia sufficiently alleged that both Defendants willfully violated their duty to "conduct an investigation with respect to the disputed information" after notice from the reporting agencies. 15 U.S.C. § 1681s-2(b)(1)(A); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) (holding that a violation is willful when done with "reckless disregard of statutory duty").

Garcia also asserts that Perfection Collection and Mountain Run violated § 1692e and § 1692f of the FDCPA. To prevail on a claim under the FDCPA, a plaintiff

must establish that a "debt collector['s]" effort to collect a "debt" from a "consumer" violated some provision of the Act. *Butler v. Experian Info. Sols.*, No. 14-07346, 2016 WL 4699702, at *2 (E.D. Pa. Sept. 7, 2016) (quoting *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005). With regard to Mountain Run, the only alleged conduct that may have been an "effort to collect a 'debt'" subject to the FDCPA was its initial inaccurate report to the credit agencies. *Cf. McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014). But because this communication took place more than a year before his complaint was filed, any FDCPA claim is barred by the Act's one-year statute of limitation.[4] 15 U.S.C. § 1692k(d). In contrast, Garcia alleges Perfection Collection repeatedly called him to collect the alleged debt, made a false representation to him about that debt even after he informed him that he had not opened or authorized the account, and insisted he would be held responsible for the debt unless he "personally [found] the perpetrator of the identity theft." (Compl. ¶¶ 11–14). These allegations, taken as true, state a claim under the FDCPA. *See* 15 U.S.C. §§ 1692e(2)(A).

IV

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

---

[4] Garcia asserts that "in or around June 2019, [he] disputed the accuracy of the trade line of Defendant Perfection and Defendant Mountain with Defendants Trans Union and Experian." (Compl. ¶ 15.) Mountain Run's inaccurate reporting must have taken place prior to this date. Garcia's Complaint was filed on August 28, 2020, which is not "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k.

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Because Perfection Collection and Mountain have not appeared or responded to the Complaint, this analysis is straightforward. Garcia will be prejudiced if the Court denies its motion because it has "no other means of vindicating [its] claim[s] against" Defendants. *Asher*, 2006 WL 680533, *2. Further, "the court may presume that an absent defendant who has failed to answer has no meritorious defense, because [i]t is not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271–72 (E.D. Pa. 2014) (internal citations and quotation marks omitted). Finally, Defendants' failure to "engage[ ] in the litigation process" constitutes "culpable conduct with respect to the entry of a default judgment" *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009).

V

After granting the motion for default judgment, the Court must address the amount of damages to award. *See Rios v. Marv Loves* 1, No. 13-1619, 2015 WL 5161314, at *13 (E.D. Pa. Sept. 2, 2015). The Court may conduct a hearing to determine the amount of damages owed to the plaintiff, or "may rely upon detailed affidavits submitted by the parties." *J & J Sports Prods., Inc. v. Puentenueva*, No. 14-3226, 2014 WL 7330477, at *2 n.1 (E.D. Pa. Dec. 22, 2014) (citation omitted); Fed. R. Civ. P. 55(b)(2). The Court has discretion to determine whether "a hearing is necessary or if sufficient information is available to determine damages without one." 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed.

2022) ("[C]ourts have determined that a hearing is not necessary when statutory damages are being sought or when plaintiff has provided sufficient documentary proof to establish the judgment amount."); *see also Kibbie v. BP/Citibank*, No. 08-1804, 2010 WL 2573845, at *2 (M.D. Pa. June 23, 2010).

A

A furnisher who willfully violates his duties under the FCRA is liable to individuals for actual damages or for "damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A). Similarly, violators of the FDCPA are liable to individuals for actual damages and "such additional damages as the court may allow, but not exceeding $1,000." § 1692k(a)(2). Violators are also liable for the costs of the action and reasonable attorneys' fees under both statutes. § 1681n(a)(3); § 1692k(a)(3). In his Motion, Garcia seeks statutory damages of $1000 from Perfection Collection and Mountain Run for violations of the FCRA and FDCPA. (Pl.'s Mot. Entry Default J. Against Def. Perfection Collection ¶ 5, ECF 33; Pl.'s Mot. Entry Default J. Against Def. Mountain Run Solutions ¶ 5, ECF 34.)

B

Garcia has shown Perfection Collection willfully violated the FCRA because after being alerted multiple times of the inaccurate information furnished to Trans Union and Experion, Perfection Collection and Mountain Run failed to investigate or rectify the mistake. (Compl. ¶¶ 15–25). Furthermore, Perfection Collection made several phone calls to Garcia to collect, during which time Garcia told the Defendant he did not open the account in question. (*Id.* ¶¶ 11–12.) Instead of correcting its error, Perfection Collection told Garcia he would be personally responsible for the debt if he didn't find

the person who opened the account. (*Id.* ¶ 13.) For these violations, Garcia is entitled to statutory damages under the FCRA.

In determining liability under the FDCPA, the Court considers the following factors outlined in § 1692k(b)(l): "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Perfection Collection repeatedly called Garcia to collect the alleged debt and made a false representation to him about that debt even after he informed Perfection Collection that he had not opened the account. (*Id.* ¶ 11–13.) In light of Perfection Collection and Mountain Run's willful violation of the FCRA pursuant to § 1618n and the factors articulated in § 1692k(b)(l), the Court awards Garcia $1,000 in statutory damages for violations of both statutes. *See Williams v. Mountain Run Sols.*, No. 21-05630, 2022 WL 2905175, at *2–4 (E.D. Pa. July 22, 2022) (Awarding combined statutory damages of $1000 for violations of the FCRA and FDCPA).

C

Garcia is also entitled to reasonable attorneys' fees. § 1681n(a)(3); § 1692k(a)(3). When calculating a party's attorneys' fees, the starting point is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.") Courts then determine whether the attorney's hourly rate is appropriate given the attorney's "skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 180 (3d Cir.2001) (quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)). Finally,

it's the prevailing party's burden to establish "with satisfactory evidence . . . that the requested rates are in line with those prevailing in the community" for similar work by lawyers of comparable qualifications. *Blum v. Stenson,* 465 U.S. 886, 895 n .11 (1984).

Garcia's counsel submitted a sworn declaration as to the accuracy of the time entries attached to Garcia's Motions. (Decl. Supp. Pl.'s Mot. Default J. ¶ 3–8, Ex. 2, ECF 33-2). Garcia's attorney billed 8.5 hours for this matter at a rate of $575 dollars per hour. (Pl.'s Mot. Entry Default J., Ex. 1, ECF 33-1.) These fees, along with court costs of $425, led Garcia to incur attorneys' fees and costs of $5,312.50. Garcia's attorney has been licensed to practice law for 18 years. (Decl. Supp. Pl.'s Mot. Default J. ¶ 3–8, Ex. 2, ECF 33-2). A billable rate of $575 per hour is reasonable given his attorney's experience; it is also commensurate with the rates of similarly experienced lawyers in the community. *See* (Pl.'s Mot. Entry Default J., Ex. 3, ECF 33-3; Ex. 4, ECF 33-4). Garcia is therefore awarded statutory damages of $1000 and attorneys' fees of $5,312.50 for a total judgment of $6,312.50.

An appropriate order follows.

                                                                                                 BY THE COURT:

                                                                                                ***/s/ Gerald J. Pappert***
                                                                                                GERALD J. PAPPERT,